The Honorable Bob Johnson State Senator P.O. Box 130 Morrilton, Arkansas 72110
Dear Senator Johnson:
I am writing in response to your request for an opinion on two questions relating to the investment of local fire pension and relief funds. Specifically, you pose the following questions:
 1. Has a Mayor of a city with a firemen's pension fund created pursuant to A.C.A. § 24-11-801 et seq. who, without the Firemen's Pension Fund Board's approval, withdraws the firemen's pension fund and deposits it into an account in a bank of which he serves on the board of directors violated any laws?
 2. Has a Mayor of a city with a firemen's pension fund created pursuant to A.C.A. § 24-11-801 et seq. who, without the Firemen's Pension Fund Board's approval, withdraws money from the firemen's pension fund and deposits it into a municipal general fund account violated any laws?
RESPONSE
In response to your first question, in my opinion a mayor is without power to unilaterally "withdraw" the pension fund from the city treasury and deposit it into a bank account, whether or not the mayor serves on the bank's board of directors. Aside from any ethical considerations, any such investment must be undertaken with a vote of the Board of Trustees and with a vote of the majority of firefighters. In my opinion, similarly, the mayor is without power to unilaterally withdraw money belonging to the firemen's pension fund and deposit it into a municipal general fund account. All moneys provided under A.C.A. § 24-11-801 to -833 must be paid over to the treasurer of the city or town for the sole use and benefit of the firemen's relief and pension fund, and the funds can be used for no other purpose. Disbursements of moneys belonging to the fund can only be made on a majority vote of the board of trustees. The question of whether a particular mayor taking these alleged actions has "violated any laws," however, is a question for the legislative auditors and/or other appropriate officials, based upon all the relevant facts. You have not provided any facts as to the exact nature of the moneys in question.
Question 1 — Has a Mayor of a city with a firemen's pension fund createdpursuant to A.C.A. § 24-11-801 et seq. who, without the Firemen's PensionFund Board's approval, withdraws the firemen's pension fund and depositsit into an account in a bank of which he serves on the board of directorsviolated any laws?
Local firemen's pension and relief funds are governed by A.C.A. §24-11-801 to -833. The funds are governed by a local board of trustees, with the mayor serving as chairman, the city or town clerk as secretary and the city or town treasurer as ex officio treasurer of the board of trustees. See A.C.A. § 24-11-801(a)(1) and (2) and (h). Section24-11-802(g)(1) provides that: "No money belonging to the fund shall ever be disbursed for any purpose without a vote of a majority of all the members of the board of trustees, which shall be taken by the `yeas' and `nays.'" Most importantly, A.C.A. § 24-11-805 provides in relevant part as follows:
 (a)(1) All moneys provide for the fund by this act shall be paid over to and received by the treasurer of the city or town for the sole use and benefit of the firemen's relief and pension fund, and the fund shall be used for no other purpose.
 (2) The additional duties imposed upon the treasurer shall be and comprise additional duties for which he shall be liable under his oath and bond as the city or town treasurer.
 (b) The board of trustees shall have power, with the consent of a majority of the fire fighters at the time employed, expressed in writing and filed with the city clerk, to authorize the treasurer to draw sums from its treasury to invest in the name of the board of trustees of the firemen's relief and pension fund in interest-bearing bonds of the United States, of the State of Arkansas, or of the city where the board is located, in a local government joint investment trust pursuant to § 19-8-301 et seq., the Arkansas Local Police and Fire Retirement System, in certificates of deposit or time deposits in banks duly established and authorized to do business in this state.[1]
[Emphasis added.]
Your question does not indicate whether the firemen's pension fund was withdrawn from the custody of the city or town treasurer and placed in a bank account. That is, you do not indicate where the funds were prior to their transfer. If the funds were in the custody of the city or town treasurer, as contemplated by A.C.A. § 24-11-805(a)(1), then clearly, their investment in a bank requires the consent of the board of trustees and a majority of the firefighters pursuant to A.C.A. § 24-11-805(b). The mayor may not, consistent with state statutes, unilaterally invest the fund in a bank account, whether or not the mayor also serves on the bank's board of directors. If the facts are otherwise than as stated above, I would need to be apprised of such facts in order to venture an opinion on the lawfulness of the action.
Question 2 — Has a Mayor of a city with a firemen's pension fund createdpursuant to A.C.A. § 24-11-801 et seq. who, without the Firemen's PensionFund Board's approval, withdraws money from the firemen's pension fundand deposits it into a municipal general fund account violated any laws?
Again, A.C.A. § 24-11-805 requires that all monies provided for the fund by A.C.A. § 24-11-801 to -833 be paid over to the treasurer for the sole use and benefit of the firemen's relief and pension fund and that the monies can be used for no other purpose. Section 24-11-802(g)(1) states that no money belonging to the fund shall ever be disbursed for any purpose without a vote of a majority of all the members of the board of trustees. Obviously, therefore, the mayor may not unilaterally disburse these moneys to the general fund or anywhere else.
I should note, however, that you have not provided any detail of the particular facts giving rise to your request, including the amount and source of the funds in question. The question of whether the mayor you describe has "violated any laws," must be evaluated with reference to all the facts. This is a job falling to the applicable legislative auditors or other authorized officials.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] Where the assets of a particular fund exceed $100,000, the board of trustees may employ an investment advisor to invest the assets and the investment are not limited to interest-bearing bonds, certificates of deposit and time deposits. A.C.A. § 24-11-805(d).